UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
U.S. MAGISTRATE JUDGE

FILED
U.S. DISTRICT COURT
DISTRICT OF 101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
'05 SEP 30  (410) 962-0950
(410) 962-2985 FAX

September 30, 2005

To All Counsel of Record

    Subject: *Nataliya Mikhaylovna Fox v. Encounters International, Inc., et al.*
          Civil Action No. WDQ-02-1563

Dear Counsel:

    A copy of the Report and Recommendation of the United States Magistrate Judge is attached. Any objections you wish to make thereto must be made in accordance with Federal Rule of Civil Procedure 72, a copy of which is also enclosed. <u>Note</u>: Failure to file timely objections to the findings and recommendations set forth in this Report and Recommendation may result in waiver of your right to appeal from a judgment of this Court based on such findings and recommendations.

                      Very truly yours,

                      James K. Bredar
                      United States Magistrate Judge

                By: *Charlotte M. Wyatt*
                     Deputy Clerk

cw
Attachment: as described
cc: The Hon. William D. Quarles, Jr.
    Court file
    Chambers file

# FEDERAL RULE OF CIVIL PROCEDURE 72

## MAGISTRATE JUDGES; PRETRIAL ORDERS

**(a) Nondispositive Matters.** A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

**(b) Dispositive Motions and Prisoner Petitions.** A magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement shall promptly conduct such proceedings as are required. A record shall be made of all evidentiary proceedings before the magistrate judge, and a record may be made of such other proceedings as the magistrate judge deems necessary. The magistrate judge shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate. The clerk shall forthwith mail copies to all parties.

A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate judge deems sufficient, unless the district judge otherwise directs. Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATALIYA MIKHAYLOVNA FOX           :

                                                :

vs.                                                 CIVIL ACTION NO. WDQ-02-1563

                                                :

ENCOUNTERS INTERNATIONAL, INC.
ET AL.                             :

**REPORT AND RECOMMENDATION**

This post-judgment matter has been referred to me for a Report and Recommendation. A Motion to Dismiss Writ of Garnishment (Paper No. 329) has been filed by the garnishee, the Clerk of Court of Montgomery County, Maryland. The issue has been fully briefed (Papers No. 332 and 333), and no hearing is necessary. Local Rule 105.6. For the reasons set forth below, it is recommended that the motion be granted.

*I. Background*

The underlying dispute in this case was tried to a jury in November 2004, and a verdict was returned in favor of the plaintiff. The Court, on November 24, 2004, entered judgment in favor of the plaintiff against the defendants in the amount of $433,500.00. (Paper No. 294).[1] On March 4, 2005, the Court further entered judgment in favor of the plaintiff and against the defendants, this time for attorney fees in the amount of $6,250.00.

---

[1] The judgment is on appeal to the U. S. Court of Appeals for the Fourth Circuit.

On June 7, 2005, pursuant to plaintiff's request (Paper No. 321), the Clerk of this Court issued a writ of garnishment (Paper No. 323) to Molly Ruhl, Clerk of the Circuit Court for Montgomery County, Maryland, in the amount of $445,579.33,[2] seeking to levy on property held in the registry of that court in the case of *Spivack v. Spivack,* a domestic relations action in which a defendant and judgment debtor in this case, Natasha Spivack, is a party. The garnishee seeks dismissal of the writ on the ground that the property is *custodia legis* and not subject to attachment.[3]

## II. Analysis

At first blush, it might appear that the issue in this matter is the proper scope of Fed. R. Civ. P. 69, which provides *inter alia* that the procedure on execution of a judgment shall be in

---

[2] The total of the judgments plus post-judgment interest.

[3] It is important to note that there presently appears to be <u>no balance</u> in the state court registry for the case of *Spivack v. Spivack*. Review of the papers in this case and judicial notice of public records in the Montgomery County Circuit Court yields the following information: on June 7, 2005, the Circuit Court for Montgomery County entered an order providing for disbursement of the funds held in the Court registry in *Spivack v. Spivack*; on June 10, 2005, the Court disbursed those funds and the account balance was reduced to zero; also on June 10, 2005, at 11:20 a.m., the Montgomery County Clerk of the Court was served with a writ of garnishment entered by our Court. Accordingly, it appears that the only purpose to be served by resolution of the issue at hand, from the plaintiff's standpoint, is the preservation of a hypothetical cause of action that the plaintiff might maintain against the clerk of the state court for disbursing the funds from the *Spivack v. Spivack* registry account.

accordance with the practice and procedure of the state in which the District Court is held, in this case Maryland. The seminal case in Maryland on the issue of attempted garnishment of funds held in the registry of a state court -- property held *custodia legis* -- is *Dale v. Brumbly,* 56 A. 807 (Md. 1904), which sets forth the public policy of Maryland exempting public officers in general, and court clerks in particular, from the process of attachment.[4] The logical underpinnings of that policy were stated as follows:

> [G]reat public inconvenience would arise if money could be thus arrested in the hands of officers, and they be made liable to all the delay, embarrassment, and trouble that would ensue from being estopped in the routine of their business-- compelled to appear in court, employ counsel, and answer interrogatories, as well as take care that the proceedings are regularly carried on. If precedent of this kind were set, there seems to be no reason why the state or county treasurer or other fiscal officers of the commonwealth or municipal bodies, may not be subjected to levying attachments, which has never been attempted, nor supposed to come within the attachment law.

*Id.,* at 809. In sum, the doctrine of *custodia legis* is not simply an arcane procedural oddity but rather is a substantive protection against real and serious interference with the public business, the like of which is represented by the past and potential efforts of the plaintiff herein.

---

[4] Plaintiff refers to the case with some disdain in respect to its age, but its rule remains good law in Maryland.

3

The plaintiff, in opposition to the instant motion, distinguishes *Dale* because the judgment at issue in that case was not obtained in federal court. Plaintiff advances the notion that the doctrine of *custodia legis* -- literally, property in the custody of the law -- is without force against a federal judgment and relies upon *U.S. v. Harkins Builders, Inc.*, 45 F.3d 830 (4th Cir. 1995), among other cases, for the general proposition that Rule 69 does not allow the federal policy of affording judgment creditors a right to enforce money judgments to be swallowed whole by state procedural rules. Indeed, *Harkins* contains the following language:

> Since the judgment in this case was obtained in the Eastern District of Virginia, and its enforcement was initiated in that district, Virginia's practice and procedure is borrowed by federal rule for the purpose of enforcing the judgment through a writ of execution. Even though we look to state law to determine the practice and procedure to be followed in the execution of a judgment, we do so in furtherance of federal law, giving effect to rules entitling parties to enforce federal judgments in federal courts. Consequently, any aspects of the assimilated practices that are uniquely designed to enforce *state* judgments, are not assimilated, *nor is any aspect that may be inconsistent with the federal policy of affording judgment creditors the right of a writ of execution to enforce money judgments in federal courts.*

(*Id.,* at 832)(initial emphasis in original; latter emphasis supplied). Arguably, then, the Maryland rule of law regarding the application of *custodia legis* will not be assimilated into federal practice in this case through the engine of Rule 69.

4

The doctrine of *custodia legis,* however, is not solely a creature of Maryland law, and it does not rely upon Maryland law alone for its vitality. The general rule in federal jurisprudence and across the various states is that, absent statute to the contrary, property deposited in the registry of the court is *custodia legis* and not subject to garnishment. *See, The Lottawanna,* 87 U.S 201 (1873); 38 C.J.S. Garnishment S46; 6 Am. Jur. 2d Attachment and Garnishment s201; 1 A.L.R. 3d 936. Accordingly, to say that Rule 69 is not effective to assimilate Maryland law in this case is not to resolve the issue. The doctrine of *custodia legis* stands on its own legs, insulating these funds regardless of the reach or limit of Rule 69 and the Maryland procedures therein assimilated.

Of greater moment is the issue of when, if ever, funds remaining in the registry of a court cease to be *custodia legis*. There is a division of authority on that issue, one view being that *custodia legis* terminates once the court in possession of the property determines and orders the appropriate distribution of that property and another being that the property is *custodia legis* until the distribution occurs. Numerous holdings in federal cases on point support the latter view, grounded primarily on the notion that a court in custody of property may distribute it free from interference by other courts. *See, The Lottowanna,* 87 U.S. 201

5

(1873); *Osborn v. United States*, 91 U.S. 474 (1875); *Short v. United States*, 37 Fed. Cl. 132 (1996); *Landau v. Vallen*, 895 F.2d 888 (2d Cir. 1990); *Bucher v. Vance*, 36 F.2d 774 (7th Cir. 1929); *Resolution Trust Corp. v. Heritage Financial Corp.*, 1991 WL 136341 (10th Cir. (Colo.)(unpublished)).[5] Whether grounded in principles of comity or federalism, or recognizing more workaday practical considerations regarding the potential for plunging Court clerks into a morass of conflicting orders and interests, there is sound basis for leaving Courts alone to do their business. It is recommended that this well-supported view be adopted here, *i.e.*, that property held in a court registry is *custodia legis* and at no time during that residency is it subject to garnishment orders from another court, and that the motion to dismiss the writ of garnishment issued by this Court be granted.

Dated this 30th day of September, 2005.

_____
James K. Bredar
United States Magistrate Judge

---

[5] That view, as noted above, is mirrored in the controlling Maryland case on the issue.