```
            IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
NATALIYA MIKHAYLOVNA FOX,
                                *
     Plaintiffs,
v.                              *    CIVIL NO.: WDQ-02-1563

ENCOUNTERS INTERNATIONAL,       *
INC.
                                *
     Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

On June 7, 2005 the Clerk of this Court issued a Writ of Garnishment to the Clerk of the Court of Montgomery County (the "Garnishee") in the amount of $445,579.33.  Pending is the Garnishee's Motion to Dismiss the Writ of Garnishment and the Plaintiff's objection to Magistrate Judge James K. Bredar's Report and Recommendation (the "Report") of September 30, 2005. Having reviewed the Report *de novo*, the Court will overrule the Plaintiff's objections, adopt the Report and grant the Garnishee's motion to dismiss.

Background

Plaintiff prevailed in the underlying dispute and was awarded a judgment in the amount of $433,500.00 and attorney's fees of $6,250.00.  In order to enforce the judgment the Clerk of this Court issued a writ of garnishment seeking to levy on

1

property held in the registry of the Court of Montgomery County in the case of *Spivack v. Spivack,* a domestic relations action involving Natasha Spivack, a defendant and judgment creditor in this case.[1]  The Garnishee has moved to dismiss the Writ on the grounds that the property is *custodia legis* and therefore is not subject to garnishment.

Judge Bredar considered the motion and issued his Report; concluding that the funds were *custodia legis.*  Accordingly, Judge Bredar recommended that the motion to dismiss the Writ of Garnishment be granted.

Plaintiff has objected to the Report arguing that *custodia legis* terminates once the court in possession of the property orders its distribution and therefore the funds held by the Court of Montgomery County could be garnished.

II. Analysis

A. Standard of Review

When objections are made to a magistrate's recommendations on dispositive matters, the reviewing "judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

---

[1] On June 7, 2005 the Circuit Court for Montgomery County entered an order providing for the disbursement of funds held in *Spivack* and on June 17, 2005 the funds were disbursed.  The account balance of the registry is now zero.

2

28 U.S.C. § 636(b)(1)(C), *see also Aluminum Co. of Am., Badin Works v. U. S. Envtl. Prot. Agency*, 663 F.2d 499, 502 (4th Cir. 1981).  The judge may then accept, reject, or modify the Magistrate Judge's findings and recommendations, in whole or in part.  28 U.S.C. § 636(b)(1)(C).  The court may also receive further evidence or return the case to the Magistrate Judge with instructions.  *Id*.

B.  Custodia Legis

It is generally held that funds deposited in the registry of a court are *custodia legis* and not subject to garnishment.  *See The Lottawanna,* 87 U.S. 201 (1873); *White v. F.D.I.C.*, 19 F.3d 249 (5th Cir. 1994); *United States v. Rubenstein,* 971 F.2d 288 (9th Cir. 1992); *United States v. Van Cauwenberghe*, 934 F.2d 1048 (9th Cir. 1991); *Clarke v. Chicago B. & Q.R. Co.,* 91 F.2d 561 (10th Cir. 1937); *Bucher v. Vance,* 36 F.2d 774 (7th Cir. 1929).  This doctrine is based on "the desirability of avoiding a clash between judicial jurisdictions which would result from any attempt to use the process of one to seize assets in the control of another judicial authority."  *Van Cauwenberghe*, 934 F.2d at 1063.

It is less well settled, however, when *custodia legis* terminates.  Plaintiff argues that once the court in the underlying case makes a determination of the rights of the

3

parties and orders distribution, there is no danger of interference and therefore garnishment should be allowed.  There is abundant support, however, for the view that funds remain in *custodia legis* until they are distributed.  *The Lottawanna,* 87 U.S 201; *Osborn v. United States,* 91 U.S. 474 (1875); *Van Cauwenberghe*, 934 F.2d 1048; *Resolution Trust Corp. v. Heritage Financial Corp.,* 1991 WL 136341 (10th Cir. 1991); *Landau v. Vallen,* 895 F.2d 888 (2nd Cir. 1990); *Bucher,* 36 F.2d 774.  Although not controlling, Maryland courts are in accord.  *Dale v. Brumbly,* 56 A. 807 (Md. 1904).

Courts barring garnishment until after distribution have grounded their decisions on the belief that courts should be free to operate without interference from other courts.  As the Maryland Court of Appeals held in *Dale,*

> Great public inconvenience would arise if money could be thus arrested in the hands of [public] officers, and they be made liable to all the delay, embarrassment, and trouble that would ensue from being estopped in the routine of their business-- compelled to appear in court, employ counsel, and answer interrogatories, as well as take care that the proceedings are regularly carried on.

56 A. at 809.

In light of these concerns and the relevant case law, the Court will adopt Judge Bredar's Report and Recommendation and bar garnishment of funds held in the registry of the Court of

Montgomery County.  Accordingly, the Court will overrule the Plaintiff's objections and dismiss the Writ of Garnishment.

<pre>
November 8, 2005                          /s/
Date                          William D. Quarles, Jr.
                              United States District Judge
</pre>